UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SYLAS MOBLEY,

    Plaintiff,

v.

DR. GARDNER,

    Defendant.

Case No. 11-cv-954-JPG-PMF

# MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 52) of Magistrate Judge Philip M. Frazier recommending that the Court deny defendant Dr. Jon Gardner's motion for summary judgment (Doc. 45). Gardner has objected to the Report (Doc. 56).

## I. Report Review Standard

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

## II. Report and Objection

This case arose after plaintiff Mobley broke his jaw in two places and sought treatment from Dr. Gardner, a dentist. Dr. Gardner examined Mobley, ordered tests, monitored Mobley's condition, prescribed medication for pain and to prevent infection, and eventually referred him to a specialist for further evaluation and care. Magistrate Judge Frazier found that any fault on Dr.

Gardner's part, if there was any, was likely negligence, not deliberate indifference to Mobley's serious medical need. However, it would be possible for a reasonable jury to find Dr. Gardner was deliberately indifferent by delaying the treatment from a specialist that Mobley needed. Specifically, he noted that Mobley had been referred to Dr. Gardner for a possible fracture and Dr. Gardner had detected abnormalities but allowed the jaw to heal on its own, which caused Mobley to suffer extreme pain and complications.

Dr. Gardner objects, arguing that the evidence shows he was not deliberately indifferent to Mobley's injury, ordered x-rays in a timely manner and made his medical decisions based on the x-ray report finding no fracture. He believes this evidence shows he was not deliberately indifferent to Mobley's medical needs.

III.     Analysis

The Eighth Amendment's prohibition on the unnecessary and wanton infliction of pain forbids deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Johnson v. Snyder*, 444 F.3d 579, 584 (7th Cir. 2006); *Zentmyer v. Kendall Co.*, 220 F.3d 805, 810 (7th Cir. 2000). To prevail on such an Eighth Amendment claim, a prisoner must show (1) that he had an objectively serious medical need and (2) that the official knew that the medical need was serious but disregarded it. *Johnson*, 444 F.3d at 584; *Zentmyer*, 220 F.3d at 810.

An objectively serious injury or medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Johnson*, 444 F.3d at 584-85 (quotations omitted). A serious medical condition need not be life-threatening, but it should constitute "a

denial of the minimal civilized measure of life's necessities." *Johnson*, 444 F.3d at 585 (quotations omitted). No party contends that Mobley's broken jaw was not a serious medical need. Therefore, this case turns on whether a reasonable jury could find Dr. Gardner was deliberately indifferent to that need.

An official is deliberately indifferent if he "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Johnson*, 444 F.3d at 585 ("The standard requires that an officer have 'subjective awareness' of the serious medical need and then act with indifference to that need."). "Deliberate indifference can arise by a failure to provide prompt treatment for serious medical needs or by intentionally interfering with treatment once prescribed." *Chapman v. Keltner*, 241 F.3d 842, 845-46 (7th Cir. 2001) (citing *Estelle*, 429 U.S. at 104-05)). It can also arise where a treatment decision was a "substantial departure from accepted professional judgment, practice, or standards," *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261-62 (7th Cir. 1996), or was "so far afield of accepted professional standards as to raise the inference that it was not actually based on a medical judgment," *Norfleet v. Webster,* 439 F.3d 392, 396 (7th Cir. 2006). However, a mere difference of opinion by medical professionals as to the way a medical problem should be treated, while it may lead to an inference of negligence, does not give rise to an inference of deliberate indifference. *Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001); *Pardue*, 94 F.3d at 261. The prisoner must show that the defendant's conduct was intentional or criminally reckless; neither simple nor gross negligence is sufficient to establish deliberate indifference. *Johnson*, 444 F.3d at 585; *Salazar v. City of Chicago*, 940 F.2d 233, 238 (7th Cir. 1991).

The Court has reviewed the evidence and respectfully disagrees with Magistrate Judge

Frazier's conclusion that a reasonable jury could find Dr. Gardner was deliberately indifferent to Mobley's medical needs. The evidence shows Dr. Gardner examined Mobley on March 22, 2011, the day after he injured his jaw, prescribed pain medication and antibiotics, and ordered an x-ray, a standard step when a fracture is suspected. Mobley denies that he had an x-ray on March 23, 2011, but Dr. Gardner consulted a radiology report purportedly from such an x-ray that said no fracture was observed. While Dr. Gardner knew Mobley had a jaw problem, there is no evidence he was aware that it was broken at this time. Dr. Gardner's decision to treat Mobley consistently with the radiology report by letting his jaw heal on its own for a few weeks was not so far afield of accepted medical judgment that a reasonable jury could find it was deliberate indifference. His decision not to refer Mobley to a specialist was reasonable in light of the fact that he had no information at the time that Mobley's jaw was broken or required any specialized treatment.

About a week later, Dr. Gardner noted irregularities in the healing process and a loose tooth, but noted that the misalignment of Mobley's jaw was getting better. He placed Mobley on a list to have the loose tooth and one other extracted and prescribed more pain medication and antibiotics. There is no evidence at this point that Dr. Gardner knew Mobley needed additional medical treatment for his jaw and deliberately disregarded that need. Dr. Gardner was still relying on the negative x-ray results, his observations that the healing irregularities were improving, and treating Mobley accordingly. At the most, Dr. Gardner was negligent in failing to recognize the significance of a mis-healing jaw.

On Mobley's third visit to Dr. Gardner, on April 18, 2011, Dr. Gardner noted that one of the teeth he had scheduled to have extracted had formed an abscess and that Mobley bite was still misaligned. He referred Mobley to a specialist, who eventually diagnosed a fracture, performed

4

surgery and healed Mobley's jaw.  Dr. Gardner supported all the specialist's request for further tests on Mobley.

The Court believes that this is simply not enough for a reasonable jury to draw the conclusion that Dr. Gardner *knew* Mobley needed more treatment that he could provide and declined to refer him for it.  He treated Mobley appropriately based on the test results he received and referred him for further treatment when he *actually* drew the conclusion that Mobley's jaw would not heal properly on its own.  Any further delays due to the specialists schedule are not attributable to Dr. Gardner.  For these reasons, Dr. Gardner is entitled to summary judgment. Accordingly, the Court hereby:

- **REJECTS** the Report (Doc. 52) for the reasons stated in this order;
- **GRANTS** defendant Dr. Jon Gardner's motion for summary judgment (Doc. 45); and
- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:   December 12, 2013**

                                                  s/J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**